## In re Mortgage Building & Loan Association

*J. Maurice Gray*, for petitioners.

*M. R. Freedman*, contra.

SMITH, P. J., January 14, 1936.—This matter comes before us on a petition by Rose Publicker, mortgagee, for leave to proceed on bond and/or foreclose on accompanying first mortgage dated October 16, 1919, in the sum of $2,000, secured on premises 2653 North Twenty-eighth Street, in the City of Philadelphia. The respondent is the receiver appointed by the Pennsylvania De-

partment of Banking. The title to the property was acquired by foreclosure proceedings instituted by the Mortgage Building and Loan Association on a second mortgage in the sum of $1,000 on January 14, 1935. The Mortgage Building and Loan Association is in the custody of the Department of Banking.

The provisions of the first mortgage have been breached. The semiannual payments of interest due October 16, 1933, April 16, 1934, October 16, 1934, and April 16, 1935, have not been made. Taxes, exclusive of 1935, have not been paid for the years 1932, 1933, and 1934. Under the provisions of the bond and mortgage the principal sum with interest and attorney's commission is due. The said Rose Publicker has taken possession of the said premises and is conducting the management thereof. At the time of the foreclosure of the Mortgage Building and Loan Association mortgage, it procured from the former owner of the premises a lease with the rental of $20 per month. This sum is ample to pay the current interest on the first mortgage, taxes in the sum of $98.98 and water rent in the sum of $8, leaving a small margin for incidental expenses. The property is assessed at $3,700 by the Board of Revision of Taxes and appraised by a realty expert at $3,050, or in excess of the mortgage encumbrances.

It is the argument of the petitioner that the Department of Banking Code of May 15, 1933, P. L. 565, contains no provisions that deprive her of her right to foreclose the mortgage and that if it did it would clearly be an impairment of her contractual rights and therefore unconstitutional. The appeal of the respondent is to the equity side of the court. There is an old axiom that he who seeks equity must do equity. The Mortgage Building and Loan Association acquired title to these premises by a mortgage foreclosure with knowledge of the prior lien of the petitioner. It has knowledge of unpaid interest and taxes and makes no offer to pay them. If the argument presented by the respondent should pre-

vail, the City of Philadelphia could sell the property for unpaid taxes and the lien of the petitioner would be lost. The court of equity should take no action which may deprive the petitioner of her vested rights. There is no such great emergency in this particular case as would induce a court of equity to take any drastic action impairing the obligation of contract. When a consideration is given to the remedy, however, it may in some degree be modified to meet the economic conditions by which we are now confronted. Mortgage money is not easily accessible, although refinancing is not an impossibility, especially if the margin of safety is sufficient. The status of the petitioner should be made safe before there is any modification of a remedy. It is the duty of the respondent first to make payment to the petitioner of the taxes and mortgage interest that are due and payable before asking that there be any modification of the remedy. If that amount be paid promptly, no harm will be done to the rights of the petitioner in postponing the foreclosure of her mortgage.

### Decree

And now, to wit, January 14, 1936, the rule to show cause why the petitioner should not proceed on bond and/or foreclosure of mortgage is discharged in the event that the respondent within 60 days pays all taxes due and accrued and mortgage interest due the petitioner; otherwise the rule is granted.